Devin H. Fok, Esq. (SBN 256599)
devin@devinfoklaw.com
Ainat Kiewe, Esq. (SBN 207439)
ainat@devinfoklaw.com
**DHF** LAW**, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (310) 430-9933
Fax: (818) 484-2023

*Attorneys for Plaintiff and the Proposed Class*

### UNITED STATE DISTRICT COURT
### CALIFORNIA NORTHERN DISTRICT (SAN JOSE)

| | |
|---|---|
| ROBERT WILLIAMS, individually | ) CASE NO. 5:21-CV-06559 |
| Plaintiff, | ) **FIRST AMENDED CLASS** |
| | ) **ACTION COMPLAINT FOR** |
| vs. | ) **DAMAGES, DECLARATORY AND** |
| | ) **INJUNCTIVE RELIEF** |
| TRUTHFINDER, LLC and DOES 1-10, inclusive, | ) |
| | ) 1. 15 U.S.C. § 1681 *et seq.* |
| Defendants. | ) 2. Cal. Civ. Code § 1786.20 *et seq.* |
| | ) 3. Cal. Bus. & Prof. Code §17200 *et seq.* |
| | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

Plaintiff Robert Williams  ("Plaintiff"), on behalf of himself individually and a class of similarly-situated individuals, complains against Defendant TruthFinder, LLC ("Defendant" or "TruthFinder") and DOES 1-10, inclusive, and alleges as follows:

## I.   NATURE OF THE ACTION

1. Defendant assembles consumer information which it sells online on its website www.truthfinder.com. It claims to be "one of America's most trusted background checking services". It also promotes itself to potential customers by claiming that it "scans hundreds of millions of available public records, social network data, and more to provide you with a complete report."

2. Defendant creates and sells a product on its web site which it calls a "Background Report" which displays such information as the individual's purported physical address, birth date, aliases, social security issued location and year, emails, criminal records and sex offender registration information.

3. Defendant will sell their "Background Reports" to anyone who pays. No privacy safeguards for the subject of the screening. Defendant discloses private and personally sensitive information such as the subject's date of birth, year of issuance of his/her social number. Defendant also discloses private information of all of the subject's possible relatives, friends, associates, neighbors including their age, date of birth, address and phone number.

4. Moreover, Defendant knowingly discloses incomplete and erroneous criminal and sex offender information on a subject's report including information that it knew to be "unlikely" to be associated with the subject of the report. Frequently, Defendant will disclose criminal history information with the name of the charge, the severity of the offense or the dismissal of the case such as ("dismissed" or "guilty." The reader is left

with the impression that the subject is a criminal but will not be sure exactly what crimes the subject was supposedly prosecuted for.

5. Moreover, on Plaintiff's report, Defendant disclosed the sex offender records of *100* individuals – none of them belong to Plaintiff. By mere disclosure of this information, the report gives the impression that the subject is either a repeat sex offender or is frequently associated with sex offenders. None of this was true for Plaintiff as he was never arrested, prosecuted, or convicted of any sex offense. California's Investigative Consumer Reporting Agencies Act ("ICRAA") and the federal Fair Credit Reporting Act ("FCRA") recognize the need for "fairness, impartiality, and a respect for the consumer's right to privacy" when a background check report is procured, prepared, and utilized. *See* Cal. Civ. Code § 1786(b) and 15 U.S.C. § 1681(a)(4). Accordingly, these laws set minimum requirements that background check companies must follow in order to ensure that the procurement and use of an applicant's criminal history information occur "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b); *see also* Cal. Civ. Code § 1786(f).

6. In the interest of privacy, both the FCRA and the ICRAA provides an enumerated list of the purposes for which a background check report can be sold. Plaintiff, his family, friends, neighbors, and associates never consented to a background check report. Yet, Defendant disclosed, and routinely discloses private and known erroneous information to any person who is willing to pay a small fee and/or a monthly subscription in violation of both the FCRA and the ICRAA.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF- 3

## II.  FACTUAL ALLEGATIONS

7. In March 2019, Plaintiff's girlfriend's teenage son moved into the residence Plaintiff occupied together with his girlfriend, J. Garcia (hereinafter "Garcia").

8. Garcia procured a background check on Plaintiff from Defendant to obtain general character information.

9. Plaintiff is informed and believes, and upon such information and belief, alleges that Defendant has been in business for a number of years and has learned, or should have learned, from subjects and/or users of its background reports or other sources, that its background reports are routinely used for communicating information concerning consumers to third parties.

10. The background report Defendant prepared on Plaintiff discloses a number of criminal convictions, including multiple convictions for criminal sexual misconduct, which do not belong to Plaintiff. Some of these convictions were alleged to have occurred in Minnesota – a state which Plaintiff has never visited. Specifically, a 2004 conviction in Douglas Minnesota, case number 21k102000373, for criminal sexual conduct – 5th degree-nonconsenual sex.

11. The background report Defendant prepared on Plaintiff also discloses a number of incomplete information about Plaintiff, lacking the date, offense, and/or disposition such as an unidentified offense of "Converted: Offense L" with an offense code of "000.00" in Kandiyohi, Minnesota, a state Plaintiff has never stepped foot in. There is also a May 10, 2004 conviction with an offense description of "Unknown Statute".

12. As a result of the false criminal sexual conduct convictions contained in the background report prepared by Defendant, Garcia broke up with Plaintiff believing that he was a convicted sex offender who had lied about his criminal history. Moreover, Plaintiff was ostracized by his neighbors and community and eventually pressured to relocate outside of the neighborhood.

13. Defendant knew or had reason to know that the criminal history information is extremely low quality as it includes the following disclaimer in all of its reports:

> The criminal record information contained in our reports may not be 100%     accurate or complete. This is because the information is pulled from records maintained by government agencies and the information contained     in those records may not be 100% accurate or complete. Please use this     information as a starting point for your own due diligence and     investigation.

14. Defendant also knowingly sold incomplete criminal records where the case number, charge description, and/or charge level is often missing. A simple review of the quality of its data would readily demonstrate that criminal records within its database frequently omit material information related to a criminal offense.

### III.   CLASS ACTION ALLEGATIONS

15. Defendant's practices and procedures affected and continue to affect Plaintiff and other consumers who Defendant prepares background check reports on and furnishes to third parties.

16. **SUBCLASS 1** Plaintiff asserts the **First Cause of Action** on behalf of the putative class as defined below.

> All natural persons in the United States during the two years preceding this filing of this action until the final resolution of this action who were the subject of a background check report furnished by Defendant to third parties that omits important information related to a criminal case such as: the case number, criminal charge, severity of the charge, disposition or disposition date.

17. **SUBCLASS 2** Plaintiff asserts the **Second Cause of Action** on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding the filing of this action until the final resolution of this action who were the subject of a consumer report sold by Defendant to a third-party for a purpose other than the ones described under Cal. Civ. C. §1786.12.

18. **SUBCLASS 3** asserts the Third Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding the filing of this action until the final resolution of this action who were the subject of a consumer report sold by Defendant to a third-party for a purpose other than the ones described under 15 USC §1681b(a)(3).

19. **SUBCLASS 4** Plaintiff asserts the Fourth Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding this     filing of this action until the final resolution of this action who were the subject of a background check report furnished by Defendant and which    the    prospective    users background check report did not identify themselves     and certify

the purposes for which the information in the consumer report   is sought and certify that the information will be used for no other purpose.

20. **SUBCLASS 5** Plaintiff asserts the Fourth Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding this    filing of this action until the final resolution of this action who were the subject of a background check report furnished by Defendant which  contains information concerning consumers which are matters of public       record but did contain the source from where the information was obtained,     including the particular court, if applicable, and the date that this     information       was initially reported.

21. **SUBCLASS 6** Plaintiff asserts that Sixth Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding this    filing of this action until the final resolution of this action who were the subject of a background check report furnished by Defendant which failed   to contain notices on the first page, the contents of which are set forth Cal.       Civ.  C.  section 1786.29.

22. **SUBCLASS 7** Plaintiff asserts that Sixth Cause of Action on behalf of the putative class as defined below:

> All natural persons in the United States during the two years preceding this    filing of this action until the final resolution of this action who were the subject  of  a  background  check  report

furnished by Defendant where the report includes a matter of public record the verification of which has not been verified during the 30-day period ending on the date on which the report is furnished.

23. The subclasses described above are so numerous that joinder of all members is impracticable. Although the precise number of class members belonging to each subclass is not currently known, Plaintiff is informed and believes and on that basis alleges that the subclasses are comprised of hundreds or thousands of consumers. Defendant sold thousands of Background Reports throughout the country, and its reports are standardized, form documents, produced by the same online system, practices, and procedures applicable to all subjects of the reports.

24. The identities of the individual class members should be readily ascertainable from Defendants' records. Notice may be mailed to members of each subclass using the public record information in Defendant's files.

25. There is a significant community of interest among the class members as there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. Those questions include:

a. Whether Defendant violated Civ. C. section 1786.20(b) and 11 U.S.C section 1681e(b) by reporting criminal history information that omits one or more of the following: the case number, criminal charge, severity of the charge, disposition or disposition date.

b. Whether Defendant violated Civ. C. section 1786.18(c) by failing to verify the accuracy of the information contained in its background check reports.

c. Whether Defendant violated Civ. C. section 1786.16 and 11 U.S.C section 1681(b) by selling background check reports for an impermissible purpose.

d.   Whether Defendant violated Civ. C. section 1786.16 and 11 U.S.C section 1681e(a) by failing to obtain certification that the applicable disclosures to consumer were made.

e.   Whether Defendant violated Civ. C. section 1786.28(a) by failing to   specify the source from which matters of public record were obtained.

f.   Whether Defendant violated Civ. C. section 1786.29 by failing to provide the required notices to consumers.

g.   Whether these violations were negligent, willful, or reckless.

26. Plaintiff's claims are typical of the claims of the subclasses, which all arise from the same operative facts and are based on the same legal theories.

27. Plaintiff will fairly and adequately protect the interests of the classes including members belonging to each subclass. Plaintiff is committed to vigorously litigating this matter and has no conflict with the members of the any of the subclasses. Plaintiff has secured counsel experienced in handling ICRAA, FCRA, and consumer class actions.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the members of each subclass in individually controlling the prosecution of separate claims against Defendant is small.

## IV.   THE PARTIES

29. Plaintiff JOHN DOE is, and at all times relevant herein was, a resident of the County of Santa Clara in the State of California.

30. Plaintiff sues under a pseudonym to protect himself against additional abuse by others.  If ordered by the Court, Plaintiff will submit a copy of this Complaint signed under his true name and under seal.

31. Defendant is, and at all times herein mentioned was, a foreign limited liability company headquartered in San Diego, California and doing business in the County of Santa Clara in the State of California.

32. Defendants DOES 1-10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sues them under such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants perpetrated some or all of the wrongful acts alleged in this Complaint, is responsible for the harm alleged, and is jointly and severally liable to Plaintiff.  Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously-named defendants if and when they are ascertained.

33. At all times alleged herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  Accordingly, the defendants are jointly and severally liable to Plaintiff.

## V.    <u>JURISDICTION AND VENUE</u>

34. The Court has jurisdiction over Plaintiff's claims, and the venue is proper, because Plaintiff is a resident of the County of Santa Clara; Defendants committed some or all of the wrongful acts alleged herein in the County of Santa Clara; and Plaintiff suffered injuries in the County of Santa Clara.

## VI.   FIRST CAUSE OF ACTION:
### 15 U.S.C. § 1681e(b) and Cal. Civ. C. §1786.20(b)

35. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

36. The background report on Plaintiff that Garcia procured from Defendant is a "consumer report" as defined under 15 U.S.C. § 1681a(d)(1), because it discloses information "bearing on a consumer's … character, general reputation, personal characteristics, or mode of living…"

37. Plaintiff is informed and believes and thereon alleges that Defendant failed to use reasonable procedures to ensure that the information in the consumer report is accurate.

38. Plaintiff further alleges that Defendant's actions were willful and/or reckless as Defendant had all relevant information in its possession to know the criminal history regarding Plaintiff was inaccurate because it categorized the criminal history under headings entitled: "Likely Criminal Records", "Possible Criminal Records', and "Unlikely Criminal Records". In addition, each category contains a single space DISCLAIMER in small font which reads:

The criminal record information contained in our reports may not be 100% accurate or complete. This is because the information is pulled from records maintained by government agencies and the information contained in those records may not be 100% accurate or complete. Please use this information as a starting point for your own due diligence and investigation.

39. Contrary to this DISCLAIMER, Plaintiff is informed and believes, and thereon alleges that the information disclosed in Plaintiff's report was not obtained from a government agency.  The criminal records and/or sex offender registry records were court records at its inception. The

information was likely to have been gathered, sold, and resold through various unknown methods such that data is of such poor quality that it fails to contain information related to the charge, the severity of the offense, the disposition, or even the correct case number. This information is known "database information" and experts within the industry know to never sell or resell such information without further verification from the courts. In fact, ICRAA 1786.18(c) requires all background screening companies to verify the accuracy of the information directly at the courthouse within the 30-day period ending on the date in which the report was sold. Rather, Defendant routinely and systematically sells its reports from databases, as-is, without verification directly to the purchaser. The information is provided instantaneously or near instantaneously rendering compliance with the ICRAA impossible.

40. Not only are the records on Plaintiff's report inaccurate and/or misleading. Many of the records arenot attributable to Plaintiff. A number of the records appear to belong to another individual who resides in a state that Plaintiff had never resided.

41. In addition, Defendant disclosed 100 sex offender records on his report rendering the misleading impression that either Plaintiff was a convicted sex offender and/or that Plaintiff frequently associates with sex offenders. None of this is true.

42. Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. §1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, costs, and any other relief granted by this Court.

43. Moreover, Defendant's violations entitle Plaintiff to damages pursuant to 15 U.S.C. §1681o, including actual damages such as economic damages,

emotional distress, and damages to his reputation, in an amount to be determined                              at                              trial.

## VII.  SECOND CAUSE OF ACTION: Cal. Civ. C. §1786.18(c)

44. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

45. The background report on Plaintiff that Defendant provided to Garcia is an "investigative consumer report" as defined under California Civil Code §1786.2(c), because the information that it has obtained from its sources and reports in turn to a third party bears on "a consumer's character, general reputation, personal characteristics, or mode of living."

46. Defendant is an "investigative consumer reporting agency" as defined under California Civil Code §1786.2(d), because it collects, assembles, evaluates, compiles, reports, compiles, reports, transmits, transfers, or communicates consumer information for the purpose of providing an investigative consumer report to a third party for a fee.

47. Defendant knew, or should have known, that the criminal history information it collected on Plaintiff was not complete and/or up to date at the time of reporting the information, in part because Plaintiff was incarcerated in California at the time Defendant reported he perpetrated and was tried for crimes in Minnesota.

48. Defendant did not maintain any procedures to insure that criminal history information it reported on Plaintiff would be amended or supplemented prior to reporting it to Garcia.

49. Defendant did not verify the accuracy of Plaintiff's criminal history information it reported would be complete and up to date, in violation of California Civil Code §1786.18(c).

50. Defendant's violation entitles Plaintiff to the statutory damage of $10,000, along with reasonable attorney's fees, and costs.  California Civil Code §1786.50.

51. Defendant's violation was in conscious reckless disregard of Plaintiff's rights under the statute.  It knew, or should have known, that provision of incomplete and/or not up to date information would adversely affect Plaintiff; however, Defendant intentionally sought to escape liabilities under the law by providing misleading information to users of its reports that it is not a "consumer reporting agency" under the FCRA, instead of expending resources to maintain strict procedures designed to ensure that the information it provided was complete and up to date.

52. Defendant's willful violation of its ICRAA duty subjects it to punitive damages.  California Civil Code §1786.50.

## VIII.  THIRD CAUSE OF ACTION
## 15 U.S.C. § 1681b and Cal. Civ. C. §1786.16

53. Plaintiff realleges and incorporates herein each allegation of the preceding paragraphs.

54. Pursuant to ICRAA, Cal. Civ. C. §1786.16(d), an investigative consumer reporting agency shall only furnish an investigative consumer report solely and exclusively to an enumerated class of persons and for a permissible purpose.

55. At no time did Defendant believe or have reason to believe that Garcia intended to use the consumer report Defendant prepared on Plaintiff for the reasons enumerated in Cal. Civ. C. section 1786.12(d) .

56. Similarly, under FCRA 15 USC §1681b, a section entitled to the "Permissible Purposes of Consumer Reports" – the subject consumer report was not sold for one of the enumerated purposes.

57. Accordingly, Plaintiff's privacy interest was violated.

## IX.   FOURTH CAUSE OF ACTION
### 15 U.S.C. § 1681e(a) and Cal. Civ. C. §1786.16

58. Plaintiff realleges and incorporates herein each allegation of the preceding paragraphs.

59. An investigative consumer reporting agency shall maintain reasonable procedures which require that the prospective users of the information contained in a consumer report identify themselves and certify the purposes for which the information in the consumer report is sough and certify that the information will be used for no other purpose.

60. At no time did Defendant request or receive a certification from Garcia that she has, *inter alia,* made the applicable disclosures to Plaintiff required and that she will comply with Cal. Civ. C. section 1786.12(b).

## X.   FIFTH CAUSE OF ACTION:
### Cal. Civ. C. §1786.28(a)

61. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

62. Defendant knew, or should have known, that the criminal history information it collected on Plaintiff was not complete and/or up to date at the time of reporting the information, in part because Plaintiff was incarcerated in California at the time Defendant reported he perpetrated and was tried for crimes in Minnesota.

63. Defendant did not maintain any procedures to insure that criminal history information it reported on Plaintiff failed to specify the source from which this information was obtained, including the particular court, and the date that this information was initially reported or publicized.

64. Defendant's violation entitles Plaintiff to the statutory damage of $10,000, along with reasonable attorney's fees, and costs. California Civil Code §1786.50.

65. Defendant's violation was in conscious reckless disregard of Plaintiff's rights under the statute. It knew, or should have known, that provision of incomplete and/or not up to date information would adversely affect Plaintiff; however, Defendant intentionally sought to escape liabilities under the law by providing misleading information to users of its reports that it is not a "consumer reporting agency" under the FCRA, instead of expending resources to maintain strict procedures designed to ensure that the information it provided was complete and up to date.

66. Defendant's willful violation of its ICRAA duty subjects it to punitive damages. California Civil Code §1786.50.

## XI.   SIXTH CAUSE OF ACTION
## Cal. Civ. C. §1786.29

67. Plaintiff realleges and incorporates herein each allegation of the preceding paragraphs.

68. An investigative consumer reporting agency shall provide notices on the first page of an investigative consumer report, the contents of which are set forth Cal. Civ. C. section 1786.29.

69. The background report Defendant prepared on Plaintiff failed to comply with the requirements set forth in Cal. Civ. C. section 1786.29.

## XII.   SEVENTH CAUSE OF ACTION
## (Business & Professions Code §17200 *et seq.*,)

70. Plaintiff realleges and incorporates herein each allegation of the preceding paragraphs.

71. Pursuant to Business & Professions Code §17200 *et seq.*, Defendant was obligated to refrain from engaging in unfair business practices, including the unfair business practice of producing inaccurate and incomplete consumer background report about Plaintiff which falsely reported he is a convicted sex offender, and otherwise failing to comply with applicable consumer background reporting laws of the State of California.

72. It is the policy of this State to enforce consumer background reporting laws, to ensure that its citizens do not loss out on valuable opportunities, and to protect those businesses who comply with the law from losing competitive advantage to other businesses who fail to comply.

73. Defendant has engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiff as alleged in this Complaint.

74. Plaintiff is a "persons" within the meaning of the <u>Business & Professions Code</u> §17204, and thus possesses standing to bring this suit for injunctive relief. As alleged in this Complaint, Plaintiff has suffered injury in fact from the unfair business practices of Defendant as required by <u>Business & Professions Code</u> §17204.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

    i. For a declaration that Defendant's practices violated the statutes as specified above;

    ii. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

    iii. For interest upon such damages as permitted by law;

    iv. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

    v. For costs of suit;

    vi. For injunctive relief as applicable; and

    vii. For such other orders and further relief, in law or equity, as this Court may deem appropriate and just.

//

//

//

**DEMAND FOR JURY TRIAL**

1

    Plaintiff hereby request and demand a jury trial on all issues triable by jury.

2

3   DATED: September 1, 2021

4                                    DHF LAW, P.C.

5

6

7   _____
    Devin H. Fok, Esq.
8   Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## PROOF OF SERVICE

I, the undersigned, declare that I am a citizen of the United States and work in the City of Los Angeles, County of Los Angeles, State of California, that I am over the age of eighteen (18) and not a party to the within cause; that my business address is 2304 Huntington Drive, Suite 210, San Marino, CA 91801 and that on the date set out below I served a true copy to the attached:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

On the following interested parties at the addresses set forth below:

Ryan Tyz                                         Attorneys for Defendant
Sean K. Apple
TYZ Law Group PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
ryan@tyzlaw.com
sapple@tyzlaw.com


By the following method:

☐   **BY OVERNIGHT MAIL**:  I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for overnight mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY EMAIL**:  I electronically transmitted a copy of said document(s) to the email addressee(s) referenced above.

☐   **BY PERSONAL SERVICE:**  I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury that the above statements are true and correct. This statement is executed on September 1, 2021 in San Marino, California.


_____
Devin H. Fok, Esq.
Attorney For Plaintiff