UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>TRUTHFINDER, LLC,<br><br>    Defendant. | Case No. 21-cv-06559-JD<br><br>**ORDER RE ARBITRATION** |

Plaintiff Robert Williams, on behalf of himself and several putative classes, has sued defendant TruthFinder, LLC, which provides online background check services. The claims are alleged under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, the California Investigative Consumer Reporting Agencies Act, Cal. Civil Code § 1786, and the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200. Dkt. No. 7. The gravamen of the complaint is that Williams's girlfriend broke up with him after buying a TruthFinder report which indicted that he was a convicted sex offender. *See id.* ¶ 12. Williams denies that is true. Truthfinder asks to compel arbitration pursuant to its Terms of Use & Conditions of Sale (the "ToS"), or alternatively to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 9.

The case is ordered to arbitration. As the ToS states in pertinent in part:

> YOU AND THE COMPANY AGREE THAT ALL CLAIMS, DISPUTES OR CONTROVERSIES BETWEEN YOU AND THE COMPANY . . . INCLUDING, WITHOUT LIMITATION, TORT AND CONTRACT CLAIMS, CLAIMS BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTE, LAW, ORDER, ORDINANCE OR REGULATION, AND THE ISSUE OF ARBITRABILITY, SHALL BE RESOLVED BY THE FINAL AND BINDING ARBITRATION PROCEDURES SET BELOW . . . . ANY CONTROVERSY CONCERNING WHETHER A DISPUTE IS ARBITRABLE SHALL BE DETERMINED BY THE ARBITRATOR AND NOT BY THE COURT. . . . THIS ARBITRATION CONTRACT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND ITS

> INTERPRETATION, APPLICATION, ENFORCEMENT AND PROCEEDINGS HEREUNDER SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT ("FAA").
>
> The arbitration will be governed by the Commercial Dispute Resolution Procedures and the Supplementary Procedures for Consumer Related Disputes (collectively, "AAA Rules") of the American Arbitration Association ("AAA") and will be administered by the AAA.

Dkt. No. 9-2 at 4-5 (format in original).

Williams does not deny that these terms were in the ToS that he agreed to when he became a TruthFinder customer in May 2020. See Dkt. 9-1 ¶ 6 (declaration re Williams's TruthFinder account records). Williams agreed to the ToS well before filing his original lawsuit in the Santa Clara Superior Court in April 2021, which was subsequently removed without objection to this Court on the basis of a federal question in the complaint. Dkt. No. 18 at 4; Dkt. No. 1 ¶ 7 (removal notice). Williams devoted less than half a page of his opposition brief to the arbitration request, and did not make a plausible contract formation objection to the ToS or the arbitration clause, or challenge TruthFinder's evidence on that score. Dkt. No. 18 at 8. Consequently, TruthFinder has carried its burden of establishing an agreement to arbitrate with Williams. *See King v. AxleHire, Inc.*, Case No. 18-cv-01621-JD, 2019 WL 1925493 at *2-3 (N.D. Apr. 30, 2019).

Williams's sole objection is that the lawsuit is not subject to arbitration because the claims relate to his girlfriend's activity on TruthFinder, and not his own. Dkt. No. 18 at 8. This raises a question of arbitrability, and the parties expressly delegated that issue to an arbitrator to decide. The arbitration clause quoted above expressly states that "the issue of arbitrability" and "whether a dispute is arbitrable" will be resolved by a AAA arbitrator. Dkt. No. 9-2 at 5. Williams does not dispute that this is a valid delegation clause that sends the issue to an arbitrator. *See Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1241-42 (N.D. Cal. 2019) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010)); *McClellan v. Fitbit, Inc.*, Case No. 16-cv-00036-JD, 2017 WL 4551484 at *2-3 (N.D. Cal. Oct. 11, 2017).

Consequently, the case is ordered to an arbitrator as provided for the in ToS to decide whether Williams's claims are arbitrable. If the arbitrator decides that they are, the case will

remain in arbitration. If the arbitrator decides that they are not, the case will be returned to this Court. Pending further order, this federal action is stayed in its entirety, and administratively closed. The parties are directed to advise the Court promptly of the arbitrator's decision on arbitrability. They are also directed to file a joint status report on the arbitration every 90 days beginning on August 1, 2022.

**IT IS SO ORDERED.**

Dated: May 10, 2022

JAMES DONATO
United States District Judge